IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILIP ANDRA GRIGSBY,
        Petitioner,

vs.                                 Case No. 18-3138-JTM
                                        Crim. Case No. 12-10174-JTM

WARDEN BALTAZAR,
        Respondent.

MEMORANDUM AND ORDER

This matter comes before the court on petitioner's Writ of Habeus Corpus under 28 U.S.C. § 2241. On January 12, 2018 this court dismissed petitioner's Fed.R.Civ.Pr. 60(b) motion to set aside judgment after finding it to be an attack on his conviction and, as such, an unauthorized successive motion under 28 U.S.C. § 2255. Case No. 12-10174-JTM, Dkt. 274. Grigsby appealed that decision and the Tenth Circuit affirmed denying issuing a Certificate of Appealability (COA). *Id.,* Dkt. 288. On May 31, 2018 petitioner filed this writ, pursuant to U.S.C § 2241, claiming the court erred in dismissing his Rule 60 argument. Petitioner then proceeds to repeat his argument challenging the sufficiency of the indictment under which he was originally charged, the same argument the Tenth Circuit rejected as a successive § 2255 motion.

"[I]t is the substance of the pleading, not its title that determines whether it is a second or successive petition for habeas relief." *McKnight v. Dinwiddie*, 362 Fed.Appx. 900, 903 (10th Cir. 2010) (unpublished) (citing *Gonzales v. Crosby*, 545 U.S. 524, 431-32 (2005). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of [§2255], is a motion under § 2255, no matter what title" the petitioner gives the motion. *Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original).

Grigsby's attack on the indictment in his latest motion is in substance a motion for relief under § 2255.

"A § 2255 motion is one 'claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence…or is otherwise subject to collateral attack.'" *United States v. Nelson,* 465 F.3d 1145, 1148 (10th Cir. 2006) (quoting 28 U.S.C. § 2255(a)). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Id.* At 1149. Here, by repeating his earlier argument attacking his conviction, petitioner's writ is another unauthorized and successive § 2255 motion.

Because the defendant has not received permission from the Tenth Circuit to file a second or successive motion, the court has no jurisdiction to address the merits of this motion. *see* 28 U.S.C. § 2244 (b)(3)(a). As such, the court, in its discretion, may either: (1) transfer the motion to the Tenth Circuit for review; or (2) dismiss the motion. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). Because petitioner's motion presents no new evidence or retroactive rule of constitutional law, the court in its discretion dismisses the motion rather than transferring it to the Tenth Circuit. S*ee In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

Even if the court considered the petitioner's § 2241 motion before it valid, relief still would not be warranted. Federal prisoners challenging the validity of their convictions or sentences may seek relief only under the pathways prescribed by § 2255. There is one exception to this rule, a federal prisoner may resort to § 2241 to contest his conviction if, but only if, the § 2255 remedial mechanism is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). And that exception doesn't apply here. Petitioner was free to bring an argument challenging the sufficiency of the indictment in his initial § 2255 motion, and an initial § 2255 motion offered him an adequate and effective means for testing that argument. The fact that § 2255 bars petitioner from bringing his argument now, in a second § 2255 motion, does not mean

the § 2255 remedial process was ineffective or inadequate to test his argument. It just means he waited too long to raise it. *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011).

A second § 2255 motion is permissible only if there is newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense, or there has been a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Here, the defendant has not received authorization from the Tenth Circuit, and his claims are not premised on either newly discovered evidence or a new rule of law made retroactive by the United States Supreme Court. Under these circumstances, the defendant's claims do not satisfy the authorization standards under § 2255, and the Court overrules the motion rather than transferring it to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1252.

When a court rules adversely to a defendant seeking relief under § 2255, under Rule 11 of the Rules Governing Section 2255 Proceedings the court will either grant or deny a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A certificate may issue if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). As noted above, the defendant's claim is precluded by the anti-successive motion provisions of the AEDPA, and accordingly the court denies a certificate of appealability as to its ruling on defendant's motions.

IT IS ACCORDINGLY ORDERED this day of July 2018, that the Petitioner's Writ of Habeus Corpus Under 28 U.S.C. § 2241 is hereby dismissed.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE